IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL BOYTER,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK NA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 11-3943 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS, DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES; DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO INVALIDATE FORECLOSURE SALE; AND CONTINUING CASE MANAGEMENT CONFERENCE** |

     Defendants' motion to expunge the lis pendens is scheduled for a hearing on February 17, 2012. Plaintiff has also filed an ex parte application for order to invalidate the foreclosure sale; that matter is not set for a hearing. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS defendants' motion to expunge, DENIES defendants' request for attorneys' fees, and DENIES plaintiff's ex parte application. **The case management conference scheduled for February 17, 2012 at 2:30 pm is continued until March 16, 2012 at 2:30 p.m..**

**DISCUSSION**

**I.    Defendants' motion to expunge lis pendens**

     On January 18, 2011, a notice of default was recorded against the title of plaintiff's property located at 4888 Stone Road, Bethel Island, California. Plaintiff, who was representing himself at the time, recorded a notice of lis pendens on July 12, 2011, and filed this lawsuit challenging the validity of the foreclosure documents. According to the parties' most recent case management conference

1 statement, the foreclosure sale has been completed, and the Trustee's Deed Upon Sale was recorded on
2 September 15, 2011.

3 Defendants have moved to expunge the lis pendens. Plaintiff, who is now represented by
4 counsel, has not filed an opposition to the motion.

5 Pursuant to California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a
6 real property claim may record a notice of pendency of action [lis pendens] in which that real property
7 claim is alleged." The purpose of a lis pendens notice is to provide constructive notice of a pending
8 claim that may affect title or right to possession of the real property described in the lis pendens notice.
9 *See La Paglia v. Super. Ct.*, 264 Cal. Rptr. 63, 66 (Cal. Ct. App. 1989). The principal purpose of the
10 lis pendens statute is to protect third parties who might acquire an interest in real property subject to a
11 suit that might affect their interest. *See id.* A lis pendens notice protects the plaintiff only to the extent
12 that it precludes a future interest holder from claiming lack of notice.

> While the lis pendens statute was designed to give notice to third parties and not to aid plaintiffs in pursuing claims, the practical effect of a recorded lis pendens is to render a defendant's property unmarketable and unsuitable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the cloud upon his title. The potential for abuse is obvious. In light of its history as a device designed to protect third parties rather than provide plaintiffs with an unfair advantage in litigation, courts have restricted rather than broadened application of this potentially devastating pretrial remedy.

*Id.* (citations omitted).

The party who recorded the notice of lis pendens bears the burden of proof in opposing a motion to expunge. Cal. Code Civ. Proc. § 405.30; *see also* § 405.32 ("[T]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.").

Based upon the record before the Court, the Court finds it appropriate to grant defendants' motion to expunge the lis pendens. Plaintiff has not opposed the motion, and therefore has not met his burden to show why the lis pendens should not be expunged. However, the Court denies defendants' request for attorneys' fees incurred in filing the instant motion. Plaintiff filed the notice of lis pendens while he was proceeding *pro se*, and when the foreclosure sale was imminent. On those facts, the Court finds that plaintiff acted with substantial justification and that the imposition of fees and costs would

be unjust. *See* Cal. Code Civ. Proc. § 405.38.

## II. Plaintiff's ex parte application to invalidate foreclosure sale

On October 11, 2011, while he was proceeding *pro se*, plaintiff filed a one page document titled "Notice of Motion and Motion of Plaintiff's Ex Parte Application for Order to Invalidate Foreclosure Sale and Void Trustee's Deed Upon Sale." There is no supporting memorandum of points and authorities in connection with this document.

The Court DENIES plaintiff's ex parte application as premature. Plaintiff's amended complaint alleges that the foreclosure sale was invalid and seeks to set it aside. Defendants have moved to dismiss the amended complaint, and a hearing is scheduled on that motion for March 16, 2012. If plaintiff is able to state a claim and ultimately prevail in this lawsuit, plaintiff may pursue available remedies with respect to the foreclosure sale.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to expunge the lis pendens and DENIES defendants' request for attorneys' fees, and DENIES plaintiff's ex parte application for an order invalidating the foreclosure sale. Docket Nos. 6 and 22. The case management conference is continued until March 16, 2012 at 2:30 p.m.

**IT IS SO ORDERED.**

Dated: February 14, 2012

SUSAN ILLSTON
United States District Judge