IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL BOYTER, | No. C 11-03943 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

On March 16, 2012, the Court held a hearing on defendants' motion to dismiss plaintiff's first amended complaint. Plaintiff filed an opposition, but did not appear at the hearing. Defendant NDeX West, LLC attended the hearing.[1] The Court took the matter under submission, and, having considered the papers, the Court hereby GRANTS defendants' motion to dismiss. The Court grants limited leave to amend as set forth in this order. If plaintiff wishes to amend his complaint as to those claims, he must do so on or before **April 18, 2012**.

**BACKGROUND**

On July 12, 2011, plaintiff Robert Boyter filed this lawsuit in Contra Costa Superior Court seeking declaratory and injunctive relief for the allegedly fraudulent servicing of plaintiff's home loan and for the allegedly fraudulent foreclosure on plaintiff's home. On August 10, 2011, defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") removed the case to this Court. On August 15, 2011, defendants filed a motion to dismiss the complaint

---

[1] The Court was unable to reach defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc., who were to appear by telephone.

and a motion to expunge lis pendens. On February 2, 2012, defendants withdrew their first motion to dismiss, and on February 14, 2012, this Court granted defendants' motion to expunge lis pendens.

On January 25, 2012, while defendants' motions were pending, plaintiff, who had been proceeding *pro se*, retained counsel and filed a first amended complaint ("FAC"). The FAC seeks declaratory and injunctive relief, as well as monetary damages, for alleged fraud, deceit, unjust enrichment, and violations California's statutory non-judicial foreclosure process. The FAC contains seven counts that allege deficiencies in the servicing of the loan and the failures of the lender, beneficiary, trustee, and servicer to follow the strict statutory process for non-judicial foreclosure in California. Those deficiencies and failures, the FAC alleges, render the foreclosure sale of plaintiff's residence invalid.

The action stems from a mortgage loan taken out by plaintiff Robert Boyter on July 25, 2005. FAC, Ex. A & B. The $375,000 loan, originated by Ohio Savings Bank, was secured by plaintiff's property at 4448 Stone Rd. in Bethel Island, California. *Id*. MERS was listed as beneficiary. *Id*., Ex. B at 1. The Deed of Trust entered into between plaintiff and Ohio Savings Bank was later assigned to Wells Fargo, a defendant in this case, *id.*, Ex. D, which then assigned it to the Federal National Mortgage Association ("Fannie Mae"). *Id*., Ex. K. The original trustee, Alliance Title, was replaced by NDeX West, LLC ("NDeX") by a Substitution of Trustee, recorded on June 1, 2011. *Id*., Ex. G. On January 18, 2011, a Notice of Default was recorded against the property and non-judicial foreclosure was initiated. *Id*., Ex. C. On June 21, 2011, a Notice of Trustee Sale issued, *id*., Ex. H, and, on September 15, 2011, a Trustee's Deed upon Sale was recorded. *Id*., Ex. J.

Plaintiff's basic theory of the case is that defendants failed to follow California's non-judicial foreclosure process and that the errors render the foreclosure unlawful. Plaintiff disputes the authority of defendants to foreclose on the property on the grounds that the foreclosure documents do not adhere to California Civil Code §§ 2923.5, 2924-2924k, and 2934a, and that, because the mortgage was securitized and sold on the secondary mortgage market, "[n]one of the Defendants here will be able to establish an unbroken chain of title on the mortgage loan, or [to] substantiate a beneficial interest or legal standing." FAC ¶¶ 33-35. Plaintiff alleges that "[t]here is in fact no evidence of any legal interest on the part of the Defendants. Not one of the Defendants is the owner or holder of either the Note or

the DOT." *Id.* ¶ 31. According to plaintiff, because "[t]here is no valid Assignment of the DOT and indorsement of the Note from original lender OSB to any person or entity, . . . not one of the Defendants has the right, power and authority to foreclose on Plaintiff's mortgage loan." *Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 884 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

Federal Rule of Civil Procedure 9(b) requires that a plaintiff claiming fraud "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The rule "demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation marks and citation omitted). In addition to the "time, place, and content of an alleged misrepresentation," a complaint alleging fraud "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999) (citations omitted). For corporate defendants, a plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Dubin v. BAC Home Loans Servicing*, No. C-10-05065 EDL, 2011 WL 794995, at *5-6 (N.D. Cal. Mar. 1, 2011); *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

3

1  In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court
2 must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the
3 plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the
4 court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions
5 of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).
6  If the court dismisses the complaint, it must then decide whether to grant leave to amend. The
7 Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request
8 to amend the pleading was made, unless it determines that the pleading could not possibly be cured by
9 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
10 quotation marks omitted).

## DISCUSSION

### A. Cancellation of Instruments (Count Three)

Plaintiff seeks "complete relief cancelling the DOT and Note" under California Civil Code § 3412,[2] alleging that Ohio Savings Bank "had no intention of keeping the subject loan in OSB's portfolio." FAC ¶¶ 69, 71. The Court concludes that plaintiff's cancellation of instruments claim is time-barred, and that plaintiff has failed to plead the claim with sufficient particularity to satisfy Rule 9(b).

Defendants assert, and plaintiff does not dispute, that this claim is subject to a three-year statute of limitations. *See* Cal. Code Civ. Proc. § 338. Plaintiff's loan was entered into on July 25, 2005, and this case was filed on July 12, 2011, and thus this claim is untimely unless plaintiff can allege a basis for tolling the statute of limitations. Plaintiff does not allege a basis for tolling, but alleges that "[t]he true facts were only discovered within the past several months and could not have been discovered sooner." FAC ¶ 78.

A cause of action is not deemed to accrue until the facts constituting the cause of action are

---

[2] Pursuant to California Civil Code § 3412, a written instrument may be canceled if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable."

discoverable. Cal. Code Civ. Proc. § 338(d) ("The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."). In order to rely on a theory of delayed discovery, a plaintiff must allege specific facts demonstrating: "(a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when [ ]he did actually discover the fraud or mistake." *Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995) (noting also that "'when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to . . . investigation (such as public records or corporation books), the statute commences to run.'" (quoting 3 Witkin, Cal. Procedure, Actions, § 454, ¶¶ 484-485 (3d ed. 1985))).

While the foreclosure documents at issue in this case were executed and recorded in 2011, the FAC does not explain how the foreclosure documents provide a basis to attack the loan at its inception. Further, plaintiff entered into the mortgage with Ohio Savings Bank, an entity that is not a defendant in this case. The FAC does not allege or explain how defendants' actions support cancellation of an instrument entered into with Ohio Savings Bank. In addition, to the extent that plaintiff relies on fraud as a basis for his cancellation of instruments claim, the claim must be pled with sufficient particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Bly-McGee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Here, plaintiff does not identify the content, author, or time and place of the allegedly fraudulent representations. Therefore, his claim fails to meet the particularity requirement of Rule 9(b).

Should plaintiff wish to amend his complaint, plaintiff must allege with particularity the basis for claiming that the origination of the loan was infected with fraud, as well as a basis for why the claim should not be time-barred. The Court GRANTS defendant's motion to dismiss this claim with leave to amend.

**B.     Section 2934 Wrongful Foreclosure Claim (Count Five)**

Plaintiff alleges that violations of California Civil Code § 2934a render the foreclosure sale void because "there can be no valid non-judicial foreclosure where the trustee under the original deed of trust

is not properly and validly substituted with a 'recorded' document."[3] FAC at ¶ 82. Essentially, plaintiff contests the authority of NDeX, as the agent of MERS, to initiate foreclosure proceedings when "all beneficiaries, known and unknown[,] did not effectively execute a valid Substitution of Trustee." *Id.* ¶ 82.

California courts have held that plaintiffs cannot state a cause of action based on the alleged lack of authority of MERS to initiate foreclosure proceedings. *See Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 45-47 (2011); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 269-73 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011). In *Robinson*, *Fontenot*, and *Gomes*, the plaintiffs alleged that violations of California's non-judicial foreclosure process invalidated the foreclosures. In all three cases, the California Courts of Appeal sustained the dismissal of the plaintiffs' complaints, explaining that "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized," *Gomes*, 192 Cal. App. 4th at 1155, and "that the statutory scheme . . . does not provide for a preemptive suit challenging standing." *Robinson*, 199 Cal. App. 4th at 46. Further, in *Gomes* the court noted that the loan agreement signed by plaintiff expressly granted MERS the authority to foreclose. 192 Cal. App. 4th at 1155 ("by entering into the deed of trust, Gomes agreed that MERS had the authority to initiate a foreclosure").

Plaintiff's claims about irregularities in the foreclosure process are precluded by this authority. Here, as in *Gomes*, the Deed of Trust names MERS as a beneficiary. FAC, Ex. B at 3 (stating that "MERS (as nominee for Lender and Lender's successors and assigns) has . . . the right to foreclose and sell the Property"). As a named beneficiary, MERS was authorized to assign the mortgage to Wells Fargo, which it did, as nominee of Ohio Savings Bank.[4] *Id.*, Ex. D; *see Benham v. Aurora Loan Servs.*,

---

[3] California Civil Code § 2934a(1)(a) provides that "[t]he trustee under a trust deed upon real property . . . may be substituted by the recording in the county in which the property is located."

[4] Plaintiff alleges that the First Assignment of Trust is a product of "possible forgery," Opp'n at 18, supported by allegations that the MERS officer who signed the document, which was notarized in Texas, lives in Michigan and is also listed as an employee of NdeX. FAC ¶ 15. However, as the Ninth Circuit has explained, "MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (2011); *see also Steers v. CitiMortgage, Inc.*, No. CV-11-1144-

No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) ("MERS also had the authority to assign its beneficial interest under the Deed of Trust."). Therefore, as the assignee of the beneficial interest, Wells Fargo was authorized to initiate foreclosure. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010) (dismissing wrongful foreclosure and fraud claims against lender and assignee).

Plaintiff's allegation that the Substitution of Trustee was not recorded is rebutted by the Recorder's stamp at the top of the Substitution of Trustee document showing that the document was recorded on June 1, 2011.[5] FAC, Ex. G. If plaintiff contests the propriety of the fact that the Notice of Default, recorded on January 18, 2011, precedes the Substitution of Trustee, that claim fails because NDeX, at the time of filing of the Notice of Default, was acting as an agent of the beneficiary. *See* Cal. Civ. Code § 2924(a)(1) (allowing that foreclosure proceedings may be initiated by "the trustee, mortgagee, or beneficiary, or any of their authorized agents"); *Gomez v. Wells Fargo Bank, N.A.*, No. 11-cv-2251 BTM (RBB), 2012 WL 642767, at *4 (S.D. Cal. Feb. 28, 2012) (on motion to dismiss, finding that substituted trustee had standing to initiate foreclosure as agent of beneficiary, where notice of default preceded substitution of trustee); *Sato v. Wachovia Mortg., FSB*, No. 5:11-cv-00810 EJD (PSG), 2011 WL 2784567, at *9 (N.D. Cal. July 13, 2011) (same).

In his opposition, plaintiff distinguishes this case from *Gomes* on the ground that "Plaintiff does not challenge the right or authority of MERS in the DOT to assign the mortgage if in fact MERS can prove that it joins the Real Party in Interest and owner of the Note, showing that it was acting with that party's specific knowledge and specific authority." Opp'n at 10. Plaintiff argues that, because the mortgage was securitized and sold, "MER[S] was no longer the beneficiary in the mortgage when it assigned the DOT to WFB." Opp'n at 10. However, these were the precise contentions addressed and rejected by the *Gomes*, *Fontenot*, and *Robinson* courts. *See, e.g., Robinson*, 199 Cal. App. 4th at 45

---

PHX-GMS, 2011 WL 6258219, at *3 (D. Ariz. Dec. 15, 2011) (holding implausible allegations of forgery based on fact that signatory was officer of MERS and Citimortgage because "Plaintiff's allegation, however, rests on the faulty assumption that Martinez could not be an officer of both CitiMortgage and MERS."). Without more specific facts suggesting that the notarized document was in fact forged, the Court finds that plaintiff's allegations insufficient.

[5] Plaintiff does not allege forgery or falsification of the Substitution of Trustee.

7

(affirming dismissal where "[p]laintiffs alleged that their promissory note was 'sold and resold' on the secondary mortgage market, and that as a result, it had become difficult or impossible to ascertain the actual owner of the beneficial interest in the note"). As the *Fontenot* court explained, a result of California's non-judicial foreclosure statute is that "a nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption . . . . [I]f plaintiff contended the sale was invalid . . . , the burden rested with plaintiff affirmatively to plead facts demonstrating the impropriety." 198 Cal. App. 4th at 270.

Because plaintiff's wrongful foreclosure claim is foreclosed by California case law and contradicted by documents attached to the FAC, the Court GRANTS defendants' motion to dismiss this claim without leave to amend.

**C.     Deceit — Promise Made Without Intention to Perform (Count Four)**

Plaintiff alleges that "defendants" made "misrepresentations," and that "[i]n reliance on these representations, Plaintiff was induced to and did forgo alternative financing options with another lender. Plaintiff's reliance on Defendants' representations was justified because he believed that Defendant's [sic] would operate in good faith." FAC ¶ 74. The FAC also alleges "If Plaintiff had been aware of the existence of the facts not disclosed by OSB, Plaintiff would not have, as he did, enter into the Original Transaction with OSB." *Id.* ¶ 77.

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of Am., N.A.*, 138 Cal. App. 4th 1371, 1381 (2006). As noted above, claims of fraud must meet the heightened pleading standard of Rule 9(b).

Defendants argue, and the Court agrees, that plaintiff has failed to state a claim. The complaint does not allege any specific misrepresentations or omissions that induced plaintiff to enter into the loan with OSB. There are no factual allegations in support of this claim. Therefore, the Court GRANTS defendant's motion to dismiss and GRANTS leave to amend. If plaintiff amends this claim, plaintiff shall allege this claim with particularity, and shall also allege why this claim is not barred by the three-year statute of limitations governing fraud claims. *See* Cal. Code Civ. Proc. § 338(d).

**D.     Fraud (Count Six)**

The FAC alleges that "WFB made material misrepresentations to Plaintiff when it claimed rights to payment on the loan, caused the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale to be issued by NDEX. At the same time WFB made such misrepresentations, WFB had knowledge of its falsity and intended to defraud plaintiff." FAC ¶ 84. The FAC also alleges that plaintiff "received information that the servicing of the loan was transferred to [Wells Fargo]." *Id.* ¶ 11.

The FAC does not allege any specific misrepresentations by Wells Fargo, and thus this claim does not meet Rule 9(b)'s pleading requirements. Moreover, in light of the FAC's allegation that plaintiff received notice that the servicing of the mortgage was transferred to Wells Fargo, it is unclear what misrepresentations by Wells Fargo could possibly form the basis of a fraud claim. Finally, as the Court has concluded that the foreclosure complied with the statute, the fraud claim fails to the extent it is predicated on the foreclosure. Accordingly, the Court GRANTS defendants' motion to dismiss this claim with limited leave to amend consistent with this opinion.

**E.     Unjust Enrichment (Count Seven)**

Plaintiff's unjust enrichment claim alleges that he continued to make payments to defendants when defendants, in fact, did "not have rights to such payments." FAC ¶ 88. Plaintiff's opposition clarifies that Wells Fargo, "received a benefit from Plaintiff of money it received," and that "[i]t is not just the receipt of payments that makes them unjust, but rather the lack of entitlement to the payments coupled with the repeated written, published and recorded threat of foreclosure and eviction." Opp'n at 19:21-24.

Courts in this District have held that unjust enrichment claims lie "either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort." *Clear Channel Outdoor, Inc. v. Bently Holdings California LP*, No. C-11-2573 EMC, WL 6099394, at * 9 (N.D. Cal. Dec. 7, 2011). Here, the FAC alleges that Wells Fargo was the servicer on plaintiff's loan, and thus plaintiff's allegation that Wells Fargo did not have a right to collect payments on plaintiff's loan, standing alone, fails to state a claim. To the extent

plaintiff's unjust enrichment claim is based on the allegedly illegal foreclosure, those allegations are insufficient. As currently pled, there are no facts in the FAC supporting a claim that Wells Fargo or any defendant improperly received a benefit from plaintiff. The Court GRANTS defendant's motion to dismiss this claim with leave to amend specific facts in support of an unjust enrichment claim.

**F.     Declaratory Relief (Count One)**

Plaintiff seeks declaratory judgment, pursuant to California Code of Civil Procedure § 1060, that (a) assignment of the Note and Deed of Trust was invalid; (b) no defendant has standing to enforce the Note and Deed of Trust; (c) the Substitution of Trust, Assignment of Deed of Trust, Notice of Default, and Notice of Trustee's Sale are "defective and fraudulent documents"; (d) no defendant has standing to foreclose; (e) the foreclosure is illegal; and (f) "[t]hat the unlawful detainer action filed by FANNIE MAE where judgment was already issued be stayed or consolidated." FAC ¶ 51.

Plaintiff's claim for declaratory relief is largely predicated on allegations that the foreclosure was invalid, and those allegations fail for the reasons discussed *supra*. *See Otay Land Co. v. Royal Indem. Co.*, 169 Cal. App. 4th 556, 563 (2008) ("One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that plaintiff is asserting, which must follow some recognized or cognizable legal theories, that are related to subjects and requests for relief that are properly before the court."). This Court has no jurisdiction over the state court unlawful detainer action, and thus this aspect of plaintiff's declaratory relief claim fails as well. Accordingly, the court GRANTS defendant's motion to dismiss this claim without leave to amend.

**G.     Injunctive Relief (Count Two)**

Plaintiff claims, pursuant to California Code of Civil Procedure § 526, that he is entitled to "the restraining and enjoining of the continuance of seeking to evict the Homeowner from his home and invalidating the foreclosure sale of the Property." FAC ¶¶ 19-20. However, the alleged wrongs that plaintiff seeks to enjoin have already occurred, or are outside of this Court's power to enjoin.

Accordingly, the Court GRANTS defendant's motion to dismiss this claim without leave to amend.[6]

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss the complaint. Plaintiff is GRANTED limited leave to amend as set forth in this order. If plaintiff wishes to amend the complaint, he must do so no later than **April 20, 2012**.

**IT IS SO ORDERED.**

Dated: April 4, 2012

SUSAN ILLSTON
United States District Judge

---

[6] As the Court has dismissed all of plaintiff's claims, the Court finds it unnecessary to address the parties' arguments about tender. If plaintiff files an amended complaint, defendants may renew their arguments regarding tender as appropriate.